# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:99-CR-5060 REC-3 |
| Plaintiff, | ) | 1:02-CV-6545 AWI |
| v. | ) | |
| RAUL CHAVEZ, | ) | **ORDER DENYING A CERTIFICATE OF APPEALABILITY** |
| Defendant. | ) | |
| RAUL CHAVEZ | ) | |
| Petitioner, | ) | |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

Raul Chavez ("Chavez") was convicted, after a jury trial, of conspiracy to manufacture, distribute, and possess, with intent to distribute, methamphetamine between on or about July 2, 1992 and continuing until May, 1998. District Court Judge Robert E. Coyle sentenced Chavez to 360 months incarceration. On December 10, 2002, Chavez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255.[1] On June 23, 2003, Judge Coyle denied this habeas corpus petition.

Approximately nine (9) *years* later, Chavez filed a motion for relief from the Court's denial of his Section 2255 petition pursuant to Rule 60(b) of the Federal Rules of Civil

---
[1] Chavez's petition pursuant to Section 2255 was filed as a habeas corpus action, and this habeas corpus action maintains the civil case number: 1:02-CV-0545 AWI.

Procedure. On June 29, 2012, District Court Judge Anthony W. Ishii[2] denied Chavez's Rule 60(b) motion.

Chavez has now filed a notice of appeal of this Court's order denying Chavez's Rule 60(b) motion, and the Ninth Circuit has directed the Court to determine whether a certificate of appealability should be granted or denied.

A federal prisoner seeking a petition for writ of habeas corpus under Section 2255 has no absolute entitlement to appeal an adverse decision, and an appeal is only allowed under 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>  **(B) the final order in a proceeding under section 2255.**
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. 2253 (emphasis added). If the court denies a habeas corpus petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003); Hoffman v. Arave, 455 F.3d 926, 943 (9th Cir. 2006).

The Court has reviewed this action. The Court does not find that reasonable jurists would disagree with this Court's finding that Chavez's Rule 60 motion was correctly denied. The Court also does not find that reasonable jurists would disagree with Judge Coyle's June 23,

---

[2] Before Chavez filed his Rule 60(b) motion, Judge Colye had retired. As such, the Clerk of the Court randomly reassigned this action to Judge Ishii.

2003 Order denying the underlying Section 2255 petition.  Rule 60(b) should be used "sparingly as an equitable remedy to prevent manifest injustice" and only in "extraordinary circumstances." Lal v. California, 610 F.3d 518, 524 (9th th Cir.2010) (citations omitted).  In addition, if a Rule 60(b) motion seeks to add a new habeas corpus ground for relief, the motion is effectively a second or successive habeas petition, which cannot be filed without leave from the Ninth Circuit. See 28 U.S.C.§ 2255(h) (depriving district court of jurisdiction to hear any motion that is deemed a second or successive habeas corpus petition pursuant to Section 2255 without authorization of the appellate court).

Chavez has not shown any legally justified reasons for his delay in bringing his Rule 60(b) motion.  In addition, Chavez's Rule 60(b) motion merely re-argues claims, arguments, and theories contemplated, addressed, and rejected in the original Section 2255 petition and the Court's June 23, 2003 Order.   Reasonable jurists would not debate whether this Court erred in denying the Rule 60(b) motion.

Accordingly, the Court hereby ORDERS that:

1. No certificate of appealability SHALL be issued; and
2. The Clerk of the Court is DIRECTED to forward a courtesy copy of this order to the Ninth Circuit.

IT IS SO ORDERED.

Dated: April 9, 2013

SENIOR DISTRICT JUDGE

3